## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JENNIFER PANICO, individually
and on behalf of others similarly situated,**

      **Plaintiff,**

**v.**

**1 GROUP LLC d/b/a STOVEGUARD**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER PANICO, individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") hereby sues Defendant, 1 GROUP LLC d/b/a STOVEGUARD, (hereinafter referred to as "DEFENDANT") and states as follows:

## INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff, as well as the Florida Deceptive and Unfair Trade Practices Act, *Fla. Stat.* § 501.201 *et seq.*

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.     Plaintiff is an adult and a resident of Hillsborough County, Florida.

4.     Defendant is an Ohio limited company with its principal place of business located at 4700 Spring Road, Brooklyn Heights, OH 44131.

5.     Defendant is a covered employer under the Fair Labor Standards Act.

6.     Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and  Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

7.     At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

8.      Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

9.    Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of her job with Defendant, 29 U.S.C. §207(a)(1).

10.    Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

11.    Plaintiff began her employment with Defendant on or about January 2019.  Plaintiff was misclassified as an independent contractor.

12.    Plaintiff's position required her to work remotely from home.

13.    Plaintiff performed work for Defendant in excess of forty (40) hours per work week, for  which Defendant knew or should have known.

14.    Defendant's violations of the FLSA were knowing, willful, and in reckless  disregard of the rights of Plaintiff.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

15.    Plaintiff realleges and incorporates paragraphs one (1) through fourteen (14) as though set forth  fully herein.

16.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times  the regular rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

17.     Plaintiff was a non-exempt employee of Defendant. Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

18.     Throughout her employment with Defendant, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which she was not compensated at the overtime rate.

19.     Plaintiff was/is entitled to be paid overtime compensation for all overtime hours worked.

20.     Defendant's failure to pay Plaintiff overtime  at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.,* including 29 U.S.C. § 207.

21.     Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions

and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

22.    Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

23.    As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for:

(a)    Overtime compensation, liquidated damages, and prejudgment interest;

(b)    Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c)    A judicial determination that the FLSA was violated;

(d)    An adjudication on the merits of the case; and

(e)    Such other relief as the court may deem just and proper.

## COUNT II

24.    Plaintiff realleges and incorporates paragraphs one (1) through fourteen (14) as though set forth fully herein.

25.   At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

26.   Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

27.   At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

28.   Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

29.   As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated

damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

<u>COUNT III</u>
<u>FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT</u>

30.     Plaintiff realleges and incorporates paragraphs one (1) through fourteen (14) as though set forth  fully herein.

31.     Plaintiff brings this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), *Fla. Stat.* § 501.201 *et seq.*

32.     The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat.* § 501.204.

33.     FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

34.     FDUTPA covers conduct that offends established public policy, such as an established public policy that employers correctly characterize their employees as employees rather than independent contractors and pay the proper state and federal taxes for such employees.

35.    Plaintiff is permitted to bring suit under FDUTPA even though the unlawful practice of Defendant did not involve a consumer transaction. *Fla. Stat.* § 501.211(2).

36.    During Plaintiff's employment with Defendant, Plaintiff was improperly classified as an independent contractor by Defendant (with regard to part of her compensation) rather than an employee, so Defendant could attempt to avoid complying with federal and state laws, including but not limited to failure to pay federal payroll taxes and state unemployment taxes.

37.    By failing to pay required payroll taxes, and other expenses and benefits of employment, Defendant engaged in an unfair method of competition because Defendant paid fewer taxes and benefits than competing businesses that follow state and federal tax and employee benefit laws and, therefore, have more money to use in competition against its competing businesses.

38.    By incorrectly characterizing Plaintiff as an independent contractor, Defendant violated FDUTPA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for:

(a)    Actual damages;

(b)    Declaratory relief;

(c)    A judicial determination that Defendant violated FDUTPA;

(d)   Injunctive relief;

(e)   Attorneys' fees and costs;

(f)   Such other relief as the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

39.   Plaintiff demands a trial by jury.

Dated this 9th day of July 2021.

**FLORIN GRAY BOUZAS OWENS, LLC**

/s/Wolfgang M. Florin
Wolfgang M. Florin, Esquire
Florida Bar No.: 907804
wflorin@fgbolaw.com
Christopher D. Gray, Esquire
Florida Bar No.: 0902004
cgray@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 220-4000
(727) 483-7942 (fax)
*Attorneys for Plaintiff*